# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

## Clerk's Minutes

**Before the Honorable Chief Judge William P. Johnson**

**Case No.:** CR18-2945 WJ         **Date:** 9/22/2023

**Parties:** USA v. Leveille, et al.

**Courtroom Clerk/Law Clerks:** R. Garcia/Emily Franke, Taylor Rafaly, Alexis Salas, Joseph Gergel

**Court Reporter:** M. Loughran

**Interpreter:** N/A

**Type of Proceeding:** Pretrial Conference

**Place of Court:** Albuquerque

**Total time in Court:** 1 hour and 35 minutes

**Evidentiary Hearing:** NO

| **Attorneys Present for Plaintiff(s):** | **Attorneys Present for Defendant(s):** |
|---|---|
| Kimberly Brawley, George Kraehe, and Jessica Joyce | Thomas Clark, stand-by counsel for Siraj Wahhaj, Ryan Villa and Justine Fox-Young, Marshal Ray and Donald Kochersberger, and Joseph Shattuck, stand-by counsel for Lucas Morton |

**Proceedings:**

9:17   Court in session; counsel enter appearances; Defendants present.

The Court will pick up where it left off at the last hearing and distributes a print-out.

Mr. Shattuck addresses the Court; notes Mr. Morton has requested his phone calls from the jail and has not received a response from the jail; Court directs Mr. Shattuck to draft an order on behalf of Mr. Morton and submit to the Court.

The Court entertains argument/discussion re proposed jury instructions; Court will take under advisement and give it more though before the instructions are finalized.

The Court hears argument re the Government's objections to defense exhibits F1 – F6 (videos) and marriage documentation; Court will come back to the marriage documentation.

The Court hears argument re the Government's objections to defendants' video exhibits (F1 – F6).

|  |  |
|---|---|
|  | Mr. Kochersberger addresses objections to certain Governments exhibits based on relevance grounds; asks if the Court wishes to take those up now; Court will see how the evidence develops and if a foundation need be laid; so the will reserve ruling. |
|  | Mr. Kochersberger notes there is on set of exhibits that may be worth addressing today and those are printouts of law/statutes from George and New Mexico (29 - 33A); notes they are not proper exhibits; Mr. Kraehe advises the Government will only ask the Court to take judicial notice of these exhibits; Mr. Kraehe notes the exhibits will not go to the jury; Court asks if that takes care of the issue; Mr. Kochersberger believes so, but does not believe they are exhibits at this point; defense will continue to work with the Government about streamlining things. |
|  | The Court asks about the order of opening statement; Mr. Kochersberger advises he will start on behalf of Hujrah Wahhaj, then Mr. Siraj Wahhaj, Mr. Morton plans on reserving, but he may change his mind and have something to say, Ms. Fox-Young plans on going last on behalf of Subhanah Wahhah; asks if defense counsel may borrow time from each other; Court is fine with that and can give Government more time also, if necessary. |
|  | The Court addresses the parties' stipulated excusals emailed to the Court yesterday; Mr. Villa notes all the excusals are based on hardship or for cause; does not believe there is a need to go through them since the parties have stipulated to them; Ms. Brawley agrees; pro se defendants agree as well; Court notes excusals are for hardship and cause and finds no reason to discuss any further here. |
|  | The Court takes-up defendant's request for prayer time during trial; asks if all defendants will pray together in courtroom; Mr. Villa states yes; notes it should take about 20 minutes to conduct prayer and will do so under the supervision of the Marshals; Mr. Hall asks if counsel can remain in the courtroom; Mr. Villa notes that will be fine; advises anyone who wants to stay can do so. |
| 10:29 | Court in recess for a break. |
| 10:58 | Court back in session. |
|  | The Court will stick with its initial ruling and finds Siraj Wahhaj's marriage certificate is not relevant and would be potentially confusing to the jury; Court finds that the videos are not of significance probative value and may get into possible character evidence which may open the door to potential CYFD type evidence; Court will keep the videos out. |

The Court addresses Subhanah and Hujrah Wahhaj re right to remain silent and jury instruction associated with it; defendants advise they understand; reviews right to testify after consulting with counsel, right of Government to cross exam, and jury instruction associated with it; defendants advise they understand.

The Court addresses pro se defendants Siraj Wahhaj and Lucas Morton re right to remain silent and associated jury instruction; defendants advise they understand; reviews right to testify if they wish, right of Government to cross exam, and jury instruction associated with it; defendants advise they understand.; notes they may give opening and closing statements; explains rules and parameters of those statements and will sustain objections if they stray from those parameters.

Mr. Fox-Young addresses the Court; notes the Government withdraws its objection to allowing 3 defense witnesses to testify by Zoom; Court advises it will allow.

Ms. Fox-Young wishes to have defense exhibits F1 – F6 and O, that were found by the Court not to be relevant, submitted to the Court by way of a USB drive and call them Court Exhibits 1 - 7; Court notes it will make them part of the record for appeal purposes.

Ms. Fox-Young notes a stipulation to pre-admit the following defense exhibits A1, A2, B1, D, E, G1, G2, and P; Defendants will withdraw exhibit M; Mr. Kraehe concurs; Court notes they may be used in opening statements.

Ms. Fox-Young notes the parties have stipulated to pre-admit Government exhibits 3 – 11c, 13 – 22 with all the subparts, 24 – 73, 77 and 77a, 79 – 83, 85 – 87, 89 – 102; Court notes all parties agree these are coming in by stipulation and may be used in opening statements.

Mr. Siraj Wahhaj addresses the Court; notes the government agreed to allow the use of a GoPro 68 during opening; Government has no objection; Mr.Wahhah would like to offer the body camera videos and asks how they should be numbered; Court asks the Government if they know what exhibits Mr. Wahhaj is referencing; Mr. Kraehe notes those are lapel videos marked as Government exhibits 35 – 44; Court asks Mr. Kraehe if the Government has any objection to those exhibits coming in; Mr. Villa clarifies noting some of the exhibits are clips and not full videos; Mr. Kraehe has no objection; if Mr. Kraehe understands Mr. Wahhaj correctly, he wishes to add other lapel videos that are not on any current exhibit list and the Government has no objection to that; Mr. Wahhaj advises that is correct; Court agrees and ask how they will be identified for the record; Mr. Villa suggest going to the next letter in the defendants' exhibit list and

them admitted; Mr. Wahhaj advises an amended exhibit list will be filed and Ms. Gilbert [paralegal] will submit a thumb drive to the Court.

The Court inquires about clothing; Mr. Ray asks that defendants be able to try on clothing today; Court approves.

The Court advisees counsel that the Rio Grande should be available to view today at 2:00.

The Court advises the parties that it will attempt to begin jury selection at 9:30.

Mr. Villa asks about the order in which peremptory strikes will be presented to the Court for selection; Court notes some are to be exercised collective and some will be individually; Mr. Villa suggests a written proffer to the Court with the Government's 6 and defense's 18 strikes; Court advises it will have to be done all at once, if done in that manner; Ms. Brawley asks that the Court use a traditional back and forth method with them doing 3 and Government doing 1; Court confirms we'll start with one for the Government and next 3 for the defendants; Mr. Brawley agrees; Mr. Villa agrees noting the math works out 1 for the Government, 3 for the defendants and so on; Court agrees and notes it will give the parties time to confer on peremptory strikes once challenges for cause are completed.

The Court discusses Jury selection on Monday; directs parties to be here no later than 9:00; allow Jury to conduct their business and hope to start about 9:30; Mr. Villa understands Jury will randomize the jurors for seating and requests about 30 minutes to prepare for selection after the random seating chart is delivered to counsel; Court agrees.

Mr. Villa asks if there will be any live streaming of the trial; Court advises there will be no live streaming.

Mr. Villa requests that the Court review some requests for excusal of jurors by the defendants; Mr. Brawley is not opposed; Court agrees and will move into sealed session.

| | |
|---|---|
| 11:21 | Court moves into sealed session. |