IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. 18-cr-2945-WJ

LUCAS MORTON,

    Defendant.

### ORDER OVERRULING IN PART AND GRANTING IN PART DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

**THIS MATTER** is before the Court on *pro se*[1] Defendant Lucas Morton's Objections to Presentence Report (**Doc. 1146**). As explained in this Order, the Court finds that twenty of the twenty-one[2] objections are without merit and are therefore **OVERRULED**. Defendant's objection to paragraph 22 is **SUSTAINED**.

### BACKGROUND

The parties are familiar with the facts, so the Court only restates those necessary to place the pending motion in context.

On November 6, 2023, the Court entered a text-only notice of hearing (**Docs. 1039**) stating that "Any pleadings in response to the Presentence Report must be timely filed in accordance with Rule 32 of the Federal Rules of Criminal Procedure." Defendant's Presentence Investigation Report ("PSR") were filed on January 31, 2024 (**Doc. 1100**). The PSR calculated Defendant's guideline imprisonment range to be "mandatory life without release" based on a total offense level

---

[1] The Court affords "a liberal construction to pleadings of a defendant appearing *pro se*." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).
[2] Defendant's objections are numbered from 6 to 31 because they track specific PSR paragraphs. The Court adopts this numbering for ease.

of 43 and a criminal history category of VI (**Doc. 1100 at ¶¶ 80–81**). Defendant's combined adjusted offense level was 51. But because the offense level exceeded 43, his total offense level is "treated as an offense level of 43." *See* USSG Ch. 5, pt. A, n.2.

Defendant filed[3] his Objections (**Doc. 1146**) on March 4, 2024.

## DISCUSSION

Rule 32 does not impose a fact-finding obligation upon the Court unless certain conditions are met. *United States v. Chee*, 514 F.3d 1106, 1115 (10th Cir. 2008) (explaining a Defendant is required to make "specific allegations" regarding "factual inaccuracies"). For example, objecting to the conclusion does not create a "controverted matter." *United States v. Rodriguez-Delma*, 456 F.3d 1246, 1253 (10th Cir. 2006). Defendant's objections to the factual recitations in the PSR are not actually objections to PSR's untruth, inaccuracy, or falsity. Defendant, instead, attempts to relitigate the merits of the case and proclaims his innocence. The Court already denied his hybrid Rule 29 and Rule 33 motion (**Doc. 1121**).

As best as the Court can tell, Defendant does not argue that any adjustments, cross-references, variances, or departures are inapplicable (**Doc. 1146**). Instead, he lodges *pro forma* objections that the evidence is inconsistent, unreliable, speculative, unsupported, uncorroborated, or otherwise not supported by the evidence *Id.* These objections "alert" the Court to nothing— other than Defendant maintains his innocence and disbelieves the evidence presented. *United States v. E.F.*, 920 F.3d 682, 687 (10th Cir. 2019). Without "something more than the [Defendant's] denials," it is not necessary for the sentencing court to conduct any further inquiry.

---

[3] Ordinarily, late objections require a showing of good cause in order to warrant consideration. Given the complexity of this case, Defendant's *pro se* status, and current incarceration—the Court has considered these objections without requiring an explanation of Defendant's untimeliness. *See United States v. Wells*, 38 F.4th 1246, 1262 n.12 (10th Cir. 2022) (explaining the parties in a criminal trial "must make written objections to the Presentence Report within fourteen days"); *see also United States v. Wise*, 597 F.3d 1141, 1143 n.3 (10th Cir. 2010) (citing Rule 32(i)(1)(D)'s "good cause" exception).

*United States v. Irons*, 712 F.3d 1185, 1190 (7th Cir. 2013).

## I. Identifying Data

Defendant's first objection relates to the identifying data listed in the PSR (**Doc. 1110 at 3**). Defendant contests the fact he ever went by the alias "Stick Morton" or "Lucas Stick." **Doc. 1146 at 1**. This fact is not considered factually inaccurate—given Defendant's admission to the alias being added when he was a person of interest in Suffolk County, New York. *Id.* More importantly, however, is that this alias—true or not—is of no consequence. Because this objection does not "have the potential to affect the sentence," a determination by the Court is unnecessary. *Rodriguez-Delma*, 456 F.3d at 1252 n.3 (quoting *United States v. Darwich*, 337 F.3d 645, 666 (6th Cir. 2003) (citing Fed. R. Crim. P. 32(i)(3) advisory committee's note (2002))).

This objection is overruled.

## II. Offense Conduct

"The Offense Conduct" section of Defendant's PSR is based upon the facts proved to a jury beyond a reasonable doubt. *United States v. Labastida-Segura*, 396 F.3d 1140, 1142 (10th Cir. 2005) (citing *United States v. Booker*, 543 U.S. 220 (2005)). Defendant's objections are wholly inadequate to trigger a fact-finding obligation by this Court. *United States v. Anderson*, 62 F.4th 1260, 1270 (10th Cir. 2023) ("To trigger a district court's fact-finding obligation, a defendant must affirmatively "make a showing that the information in the [PSR] was unreliable and articulate the reasons why the facts contained therein were untrue or inaccurate." (first citing *United States v. McDonald*, 43 F.4th 1090, 1096 (10th Cir. 2022); then quoting *Chee*, 514 F.3d at 1115)).

Aside from paragraph 22, none of Defendant's objections "demonstrate that information in the PSR is materially untrue, inaccurate, or unreliable." *United States v. Bell*, 445 F. App'x 69, 71 (10th Cir. 2011) (unpublished) (quoting *Rodriguez-Delma*, 456 F.3d at 1253). Instead,

3

Defendant used his PSR objections to relitigate the jury's verdict. Defendant states at least ten times that there was "no evidence" presented (**Doc. 1146 at 2–9**). He also contends there was "no physical proof," *id.* **at 3 & 5**, a "lack of corroboration," *id*. **at 2–3**, and "no eyewitnesses" *id*. **at 3 & 9**. Defendant frivolously and conclusorily disputes numerous factual statements in the PSR, ignoring the trial evidence and jury verdict. But a Defendant is not permitted to reargue the merits of the case at sentencing. *See United States v. Muniz*, 1 F.3d 1018, 1025 (10th Cir. 1993); *see also United States v. Jarvi*, 537 F.3d 1256, 1262 (10th Cir. 2008) (explaining that even during sentencing allocution, there is no right to reargue the merits of a case).

Below are a few examples:

| Objection No. | PSR Language (Doc. 1100) | Basis for Objection (Doc. 1146) |
|---|---|---|
| PSR ¶ 6 | "The five defendants in this case, Jany Leveille; Siraj Ibn Wahhaj; Hujrah Wahhaj; Subhanah Wahhaj; and Lucas Morton, were members of a small religious community. As such, Jany, Siraj, and Lucas conspired with each other to, and did, **provide material support to terrorists** in preparing for armed attacks on government, educational, and financial institutions." | "DEFENDANT objects to the mischaracterization of being called a terrorist . . . ." |
| PSR ¶ 12 | "Siraj had a firearm on his person as well as four firearms, a bulletproof vest, and a bag of ammunition in the vehicle . . . . After the Explorer was towed, Siraj's brother-in-law, Lucas, helped him transfer the firearms and other belongings to a box truck pulling a camper." | "[I]t must be noted that Siraj informed the corporal that he was an executive protector (body guard) and it was customary for him to travel with his equipment . . . ." |
| PSR ¶ 13 | "However, several days later, the corporal learned of a 'be on the lookout' for Abdul-Ghani . . . ." | "However, **two days later**, the corporal learned . . . ." |
| PSR ¶ 17 | "On January 9, 2018, the Clayton County Juvenile Court issued a **felony warrant** for Siraj's arrest under the same docket number listed above, indicating Siraj made it known | "On January 9, 2018, the Clayton County Juvenile Court issued **an adult warrant** for Siraj's arrest under the same docket number listed above, indicating Siraj made it known before |

| | before absconding . . . ." | absconding . . . ." |
|---|---|---|
| PSR ¶ 20 | "By late January 2018, the defendants almost completely depleted their combined savings of over $122,000." | "By late January 2018, the defendants almost completely depleted their combined savings **$29,767.62**." |
| PSR ¶¶ 29–31 | | Defendant objected "in its entirety" |

First, the PSR did not "call" the Defendant a terrorist. That is the name of the offense of conviction (**Doc. 1016 at 1**). *See* 18 U.S.C. § 2339A ("Providing material support to terrorists."). Second, there is no factual dispute that Siraj had firearms. Third, whether it was "several days," or "two days" is immaterial. Fed. R. Crim. P. 32(i)(3)(B). And, for what it's worth—the Court considers two days to be several days. The difference between a "felony warrant" and "adult warrant" is equally immaterial. *Id.* Likewise, the amount of money spent by Defendants is unnecessary and will not affect sentencing. *Id.* And finally, Defendant's objections to paragraphs 29–31 are objections to the ultimate conclusions—that he was "aware of," or "knew," certain things and that his role was that of a "manager or supervisor."

The remaining objections to paragraphs 7–11, 14–16, 18–19, 27, and 28 suffer the same fatal flaws. Indeed, there is no genuinely disputed evidence at issue in this case. Essentially, Defendant's objections are rhetorical assertions that the evidence at trial was insufficient to support a conviction. But merely asserting, without more, that the evidence before a sentencing court is insufficient, does not raise a dispute as to the validity of a PSR's recommendations.

Defendant also objects to hearsay based on Government Exhibits 27–28. *Id.* **at 5 ¶ 17**. But the parties stipulated to the admissibility of exhibits 24–73 on September 22, 2023 (**Doc. 986 at 3**). The exhibits were also admitted into evidence at trial (**Doc. 1006-2 at 2**). This objection is without merit.

Importantly, however, Defendant objects to PSR ¶ 22. In so doing, he explains the

sentences inaccurately states he "armed" himself to defend the compound (**Doc. 1100 at ¶ 22**). He did not. *See* **Doc. 781 at 33; Doc. 962 at 35;** *James* **Tr. at 76:11–17; Tr. at 647–650, 1336, & 1659–60**. The Court will only consider the fact a weapon was found in the box truck that Defendant was living in—and disregard the assertion he actively "armed" himself. Because the objection demonstrates the information is untrue, in part, this objection will be sustained.

## CONCLUSION

The Court has undertaken a thorough review of the facts set forth in the PSR. The Court has also carefully considered Defendant's objections. Upon review, the Court concludes the PSR accurately reflects the evidence provided at trial.

If Probation decides inclusion of Defendant's additional statements is "appropriate" in accordance with Fed. R. Crim. P. 32(f)(3), the Court then **ORDERS** the issuance of an Addendum to the PSR with an updated "Defendant's Version."

**IT IS THEREFORE ORDERED** that Defendant's objection to paragraph 22 of the PSR is **SUSTAINED**. The remainder of Defendant's objections are **OVERRULED**.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE